UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALERIE FLORES,

     Plaintiff,

-against-

JASON GONZALEZ,

     Defendant.

23-CV-4490 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who provides a post office box in Albany, New York, as her mailing address, brings this *pro se* "motion for an injunction against multiple individuals in the Madison, WI area be sealed to the public[.]" (ECF 1, at 1.) Plaintiff names several individuals who reside in Madison, Wisconsin. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Western District of Wisconsin.[1]

## DISCUSSION

  Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

  Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

---

[1] Plaintiff recently filed another lawsuit against Wisconsin defendants, which the Court transferred to the Western District of Wisconsin. *See Flores v. Am. Fam. Ins.*, ECF 1:23-CV-3683, 5 (S.D.N.Y. May 2, 2023).

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff brings this action against several individuals, all of whom appear to reside in Madison, Wisconsin. She seeks to bring claims against these individuals for conduct that occurred in Madison and asks this court to seal those proceedings. Because Defendants reside in Madison, Wisconsin, and the alleged events occurred in Madison, Wisconsin, from the face of the complaint, it is clear that venue is not proper in this court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Madison, Dane County, Wisconsin, located in the Western District of Wisconsin. *See* 28 U.S.C. § 130(b). Accordingly, venue lies in the Western District of Wisconsin, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Western District of Wisconsin, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of Wisconsin. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[2] A summons shall not issue from this Court. This order closes this case.

The Court directs the Clerk of Court to terminate all motions in this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

---

[2] Plaintiff did not pay the filing fees for this action or request that the fees be waived.

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  June 8, 2023
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge