UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALERIE FLORES,

                Plaintiff,

        -against-

JASON GONZALEZ,

                Defendant.

23-CV-4490 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated June 8, 2023, the Court issued an order directing the Clerk of Court to transfer this action to the United States District Court for the Western District of Wisconsin. On June 15, 2023, the Western District of Wisconsin acknowledged receipt of this case. Nearly two years later, on May 6, 2025, the Court received from Plaintiff a "motion to seal this case and the entirety of the case." (ECF 3.) She further requests that this Court "remove my case from any legal website and removal from search engines such as Google, Bing, etc." (*Id.*) She seeks sealing of her case "for various job related reasons and other factors." (*Id.*) For the following reasons, the Court denies Plaintiff's request.

## DISCUSSION

Both the common law and the First Amendment protect the public's right of access to court documents. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597-99 (1978); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91-92 (2d Cir. 2004). This right of access is not absolute, and "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599 (footnote omitted).

The United States Court of Appeals for the Second Circuit has set forth a three-part analysis to determine whether a document relating to a lawsuit should be made available to the public. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006).

First, the Court must determine whether the document at issue is indeed a "judicial document," to which the public has a presumptive right of access. *Id.* at 119. Complaints are considered judicial documents for the purpose of this analysis. *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016) (all pleadings, including a complaint, "are judicial records subject to a presumption of public access"). The same is true with respect to a court's own decisions and orders. *See Hardy v. Equitable Life Assurance Soc'y of the United States*, 697 F. App'x 723, 725-26 (2d Cir. 2017) (summary order); *Ferrand v. Credit Lyonnais*, 106 F. Supp. 3d 452, 455 (S.D.N.Y. 2015).

Second, the Court must determine the weight of the presumption of access. "It is plain that a complaint is a judicial document to which the presumption of access attaches . . . because the complaint 'is highly relevant to the exercise of Article III judicial power' and the complaint 'invokes the powers of the court, states the causes of action, and prays for relief.'" *Haider v. Geller & Co. LLC*, 457 F. Supp. 3d 424, 427 (S.D.N.Y. 2020) (quoting *Bernstein*, 814 F.3d at 142). Moreover, "[u]nder the First Amendment analysis, complaints have historically been publicly accessible by default and such access allows the public to 'understand the activity of the federal courts, enhances the court system's accountability and legitimacy, and informs the public of matters of public concern.'" *Id.* (quoting *Bernstein*, 814 F.3d at 141). "Notwithstanding this presumption of access, portions of the complaint may be kept under seal if 'countervailing factors in the common law framework or higher values in the First Amendment framework,'"

2

including the attorney-client privilege. *Id.* (quoting *Lugosch*, 435 F.3d at 124 (internal quotation marks omitted)).

Third, "the court must balance competing considerations against" the presumption of access. *Lugosch*, 435 F.3d at 120 (internal quotation marks and citation omitted). "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* (internal quotation marks and citation omitted). Generally, the privacy interests considered are those of innocent third parties. *See United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995).

The Court denies Plaintiff's request because she does not demonstrate that the contents of the two judicial documents filed in this action – the complaint and the transfer order – are sufficiently extraordinary, outweighing the strong presumption in favor of public access to them. Nor does she allege any facts suggesting that a countervailing factor weighs in favor of restricting access to these documents. Rather, Plaintiff merely seeks to place these documents under seal for privacy reasons and to protect her professional reputation. But the potential for a negative impact on a party's future business or social status does not outweigh the presumption of access. *See, e.g.*, *Saadeh v. Kagan*, No. 20-CV-1945 (PAE) (SN), 2021 WL 965334, at *2 (S.D.N.Y. Mar. 15, 2021) (holding that "[t]he potential for a negative impact on a party's future business or social status does not outweigh the presumption of access" and collecting cases); *Zabolotsky v. Experian*, 19-CV-11832 (GHW), 2021 WL 106416, at *3 (S.D.N.Y. 2021) (denying motion to seal case file "for the sake of [plaintiff's] livelihood and professional and personal reputation" because "[i]t is well-settled that neither generalized concerns of adverse publicity nor the possibility of future adverse impact on employment outweigh the presumption of public access" (internal quotations omitted)); *Badinelli v. Tuxedo Club*, No. 15-CV-06273 (VLB), 2018

WL 6411275, at *2 (S.D.N.Y. 2018) (refusing to seal case records, finding plaintiff's "interest in privacy, professional reputation, and earning capacity" did not "outweigh the interest in public access to the record").

Moreover, the fact that this case has been publicly available since May 24, 2023, when Plaintiff filed her complaint, weighs against restricting public access to it. *See, e.g.*, *United States v. Basciano*, Nos. 03-CR-0929, 05-CR-0060, 2010 WL 1685810, at *3-4 (E.D.N.Y. Apr. 23, 2010) (privacy interest in sealing documents was weakened by the fact that the public was already aware of the relevant information).

Finally, this Court has no control over third-party platforms that gained access to this action when Plaintiff filed her complaint on May 24, 2023. Since that date, the public has had access to the case title and Plaintiff's complaint, and this Court cannot order non-party entities to restrict access to this action on their platforms.

For all these reasons, the Court denies Petitioner's motion to seal.

## CONCLUSION

The Court denies Plaintiff's motion to seal (ECF 3) and directs the Clerk of Court to terminate this motion. This case remains closed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  August 13, 2025
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                      Chief United States District Judge